### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDGAR ANTONIO RODRIGUEZ )
VILLEGAS, )
                                 )
               Petitioner, )
                                 )    Civil Action No. 3:25-cv-516
     vs. )   Judge Stephanie L. Haines
                                   )
PAMELA BONDI *et al.*, )
                                 )
           Respondents. )

### <u>MEMORANDUM ORDER</u>

Edgar Antonio Rodriguez Villegas ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on December 12, 2025, (ECF No. 1). On January 28, 2026, the Court ordered service of the Petition (ECF No. 2). A Certificate of Service and Notice of Compliance (ECF No. 4) was filed on April 2, 2026. Craig Haller, of the United States Attorney's Office entered his appearance for Respondents on April 4, 2026 (ECF No. 5). On April 8, 2026, Respondents filed a Response (ECF No. 6), which informed the Court that Petitioner was released from Immigration and Customs Enforcement ("ICE") custody on December 31, 2025. ECF No. 6, p. 1. On April 9, 2026, the Court Ordered Petitioner to file a Reply if he opposed the dismissal of this case as moot with a deadline to reply by April 16, 2026 (ECF No. 7). Petitioner did not respond to the Court's order and the deadline to do so has expired.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See*

1

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's release from custoday, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 17th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2